USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/17/2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

OPTIONALITY CONSULTING PTE. LTD

*Plaintiff,*

v.

EDGE TECHNOLOGY GROUP LLC, *et al.*

*Defendants.*

Case No. 1:18-CV-5393 (ALC) (KHP)

---

## PROTECTIVE ORDER

WHEREAS, Plaintiff Optionality Consulting Pte. Ltd. ("Optionality" or "Plaintiff") and Defendants Edge Technology Group LLC ("Edge"), James Nekos ("Mr. Nekos"), and John Pecoraro ("Mr. Pecoraro") (collectively, the "Parties") have agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Scope and Terms. This Protective Order shall govern disclosure and use by the Parties of all documents, testimony, and other materials and information furnished in connection with this lawsuit by any party or non-party required to give testimony and/or produce documents (hereinafter, a "Disclosing Party"). As used in this Protective Order, the term "Receiving Party" shall mean any party who is the recipient of documents or information furnished by a Disclosing Party, and the term "documents" shall mean all written material, electronically stored images, and

data produced in any format. Documents or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be referred to herein as "Protected Material."

2.     Protected Material. All Protected Material that is furnished by a Disclosing Party in this lawsuit shall only be used, shown, or disclosed as provided in this Protective Order. Any person or entity in possession of Protected Material as a result of the production of such materials in this lawsuit shall maintain those materials in a secure manner, so as to avoid disclosure of their contents to any person or entity not subject to this Protective Order. The restrictions provided in this Protective Order with respect to the handling of Protected Material shall also apply to notes, reports, documents, and communications created on or after the date of execution of this Protective Order that summarize or describe Protected Material. Protected Material shall not include information that is generally available to the public. If a dispute arises as to disclosure limitations for any specific Protected Material, the burden shall be on the party seeking disclosure to prove that such information was publicly available at the time it was obtained.

a) Confidential. Counsel for any party may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is private, confidential, or otherwise sensitive non-public information, including but not limited to the Parties' financial information, including information pertaining to sales, revenues, and profits; and sensitive commercial or proprietary information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

a. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

b) <u>Highly Confidential- Attorneys' Eyes Only</u>. Counsel for any party may designate any document or information, in whole or in part, as "Highly Confidential – Attorneys' Eyes Only" if counsel reasonably believes that the material so designated contains (a) trade secrets, trade secret research, information of a high degree of current commercial sensitivity, or information that would provide a competitive advantage to its competitors if disclosed; or (b) non-public information of a high degree of personal sensitivity. Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

a. The Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. <u>Designation of Protected Material</u>. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Protected Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Protected Material. In the case of documents or tangible things, inadvertent failure to designate Protected Material may be remedied by subsequent written notice. Effective upon the receipt of such notice, the documents or tangible things designated as Protected Material in the subsequent notice shall be deemed subject to this Protective Order. In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential or Highly Confidential – Attorneys' Eyes Only and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the highest amount of protection designated. If a Receiving Party identifies such a discrepancy, it

shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other Parties.

4.  Disclosure of Confidential Material. Documents or information designated as "Confidential" shall be held and used by the person receiving such information solely for use in connection with this action and shall be disclosed or shown only to the following persons:

a.  the Parties, including their respective officers, directors, employees, agents, and in-house counsel;

b.  the Parties' counsel of record;

c.  employees of the Parties' counsel of record who are assigned to and necessary to assist in the litigation;

d.  court reporters transcribing depositions or testimony in this lawsuit;

e.  consultants or experts whom the Parties hire to assist in this lawsuit, to the extent deemed necessary by counsel;

f.  the Court and necessary court personnel, including but not limited to a mediator; and

g.  any other person agreed to in writing by the Parties.

5.  Disclosure of "Highly Confidential- Attorneys' Eyes Only" Material. Documents or information designated as "Highly Confidential – Attorney's Eyes Only" shall only be disclosed or shown to the following persons:

a.  the Parties' counsel of record;

b.  employees of the Parties' counsel of record who are assigned to and necessary to assist in the litigation;

c.  court reporters transcribing depositions or testimony in this lawsuit;

      d.  consultants or experts that are retained by a Party for the sole purpose of assisting in this lawsuit, if such disclosure is deemed necessary by counsel;

      e.  the Court and necessary court personnel, including but not limited to a mediator; and

      f.  any other person agreed to in writing by the Parties.

6.      <u>Disclosure of Protected Material.</u> Prior to disclosing or displaying Protected Material to any person, counsel must:

      a.  Inform the person of the confidential nature of the information or documents;

      b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.  Require each such person to sign an agreement to be bound by this Order in the form attached hereto as **Exhibit A**.

7.      <u>Waiver.</u> The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Protected Material. If so designated, the document or information shall thenceforth be treated as Protected Material subject to all the terms of this Stipulation and Order.

8.      <u>Personally Identifying Information.</u> Any Personally Identifying Information ("<u>PII</u>"), including but not limited to Social Security numbers, financial account numbers, passwords, and information that may be used for identity theft exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of

protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.      Designation of Deposition Testimony. Counsel for any Party may designate as Protected Material any portion(s) of a deposition transcript that the Designating Party, in good faith, reasonably believes to contain Protected Material. The Designating Party shall advise the court reporter and counsel of any portions of a deposition to be treated as Protected Material either (i) in a writing sent to all Parties within seven (7) business days after the transcript becomes available; or (ii) during the deposition by statement on the record. The failure to timely designate deposition testimony as Protected Material waives any such designation unless otherwise ordered by the Court or agreed in writing by the Parties.

10.      Use of Protected Material in Deposition. Confidential or Highly Confidential information may be disclosed, only during a deposition, to a person who is not already allowed access to such information under this Protective Order if:

   a. the information was previously authored or legitimately received by the person or was authored or legitimately received by a director, officer, employee or agent of the company for whom the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6), as demonstrated by the information itself or foundation testimony during a deposition;

b.  the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

c.  counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential or Highly Confidential information. In addition, unless the individual to whom disclosure is made under this paragraph otherwise is permitted to receive the information under this Protective Order, such person shall not be permitted to retain a copy of the document. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

11.  Maintenance of Protected Material. Any person or entity in possession of Protected Material shall maintain such material in a reasonably secure manner and shall not reveal or discuss any information therein with any person not entitled to receive it, so that the Protected Material is not further disclosed or used in any manner inconsistent with this Protective Order. The protections conferred by this Protective Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof. Protected Material, its contents, and all copies, excerpts, summaries, compilations, and notes reflecting the content of such Protected Material may not be disclosed to or otherwise discussed with any person except as allowed herein.

12.  Non-Parties. Any non-party producing Protected Material in this lawsuit may be included in this Protective Order by endorsing a copy of it and delivering the endorsed copy to the Party that made the request for information. The Parties may designate information produced by

other Parties or non-parties as Confidential or Highly Confidential – Attorney's Eyes Only as consistent with the terms and provisions of this Order. In the event that additional persons or entities become parties to this lawsuit, such parties shall not have access to Protected Material produced by or obtained from any Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

13.    Unauthorized Disclosure of Protected Material. Each Party shall have the responsibility, through counsel, to advise the Party designating Protected Material of any losses or compromises of the confidentiality of material so designated. It shall be the responsibility of the Party that lost or compromised the Protected Material to take reasonable measures to limit the loss or unauthorized disclosure.

14.    Inadvertent Disclosure of Privileged Documents. Pursuant to Federal Rule of Evidence 502(b, d), the inadvertent production of documents or communications that are subject to work product protection or attorney-client privilege shall not constitute a waiver of the immunity, privilege, or protection from discovery in this case or any other federal or state proceeding. Such inadvertently produced documents and all copies shall be returned to the Disclosing Party or destroyed upon written request. Upon receiving written notice, the Receiving Party shall return to the Disclosing Party all copies of the Inadvertently Produced Material and any excerpts thereof or destroy the Inadvertently Produced Material and any excerpts thereof within five (5) business days of receiving such written notice.

15.    Filing Under Seal. When filing any Protected Material, the Parties shall follow the

Court's procedures to ensure that any such material is filed under seal.  The Parties shall alert the Court to any Protected Material that they seek to use at trial and the Court will rule on appropriate procedures at that time.

16.     <u>Destruction of Protected Material.</u> At the conclusion of litigation, Protected Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) destroyed or returned to the Disclosing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17.     <u>Other Proceedings</u>. Nothing herein shall preclude the parties from disclosing material designated to be Protected Material if otherwise required by law or pursuant to a valid subpoena. If a court or an administrative agency orders production of Protected Discovery Material from the non-designating party, or if a court, an administrative agency, or a third party issues a subpoena to the non-designating party, to which Protected Discovery Material may be responsive, the non-designating party shall transmit a copy of such subpoena or order to the Designating Party as soon as reasonably possible after receiving it but in no event later than five (5) business days before the date of production set forth in the subpoena or order. The Designating Party shall then have two (2) business days to notify the person receiving the subpoena or order of the Designating Party's intent to intervene to resist the subpoena. Should the Designating Party give notice of such an intent, the party receiving the subpoena shall cooperate with the Designating Party and take reasonable measures to protect the interests of the Designating Party, including objecting to the subpoena on the basis of this Protective Order and taking steps necessary to withhold production while the intervening party's motion is pending.

18.     <u>Remedies</u>.  It is Ordered that this Protective Order may be enforced by such sanctions as are available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Stipulated Protective Order are fully reserved.

SO STIPULATED AND AGREED.

Dated: June 15, 2021


**SCHULMAN BHATTACHARYA, LLC**

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman
Jeremy W. Schulman
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
         and
3445 Winton Place, Suite 228
Rochester, New York 14623
Tel: (240) 356-8551
E-mail: jgavenman@schulmanbh.com
        jschulman@schulmanbh.com

*Counsel for Plaintiff*


**BAKER & MCKENZIE LLP**

/s/ Charles B. Cummings
Charles B. Cummings
452 Fifth Avenue
New York, New York 10018
Tel: (212) 891-3780
E-mail: charles.b.cummings@bakernet.com

Matthew Allison
300 East Randolph St.
Chicago, Illinois 60601
Email: Matthew.allison@bakermckenzie.com

*Counsel for Defendants*

        SO ORDERED.


Dated:  6/15/2021                          ___Katharine H Parker___
                                           Hon. Katharine H. Parker, U.S.M.J.
                                           **06/17/2021**

## EXHIBIT A - AGREEMENT AND CERTIFICATION

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" are so designated by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

_____