USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
OPTIONALITY CONSULTING PTE. LTD,

                              Plaintiff,

                -against-

EDGE TECHNOLOGY GROUP LLC et al.,

                              Defendants.
------------------------------------------------------------------X

**18-CV-5393 (ALC) (KHP)**

**OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

       Plaintiff, Optionality Consulting PTE. LTD. ("Plaintiff") commenced this action on June 14, 2018 against Edge Technology Group LLC, James Nekos, and John Pecoraro ("Defendants") related to the parties' commercial relationship. Following discovery, Defendant filed a motion for summary judgment. (ECF No. 121.)

       The parties have moved to seal documents submitted in connection with the motion for summary judgment. (ECF Nos. 119, 129, 144.) At Plaintiff's request, Defendant has moved to seal Plaintiff's expert reports which are exhibits to their motion, however Defendant has stated it does not believe sealing is required. Plaintiff also seeks to seal their expert reports, excerpts from four depositions, the declaration of Plaintiff's founder, and more than thirty documents appended as exhibits to declarations in support of the motion. Those motions are now before the Court. For the reasons stated below, the motions to seal are DENIED in their entirety without prejudice.

1

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to

2

materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**APPLICATION**

As an initial matter, the documents in question are "judicial documents" in which the presumption of public access attaches. *Lugosch,* 435 F.3d at 23 ("As a matter of law…

documents… submitted to the court as supporting material in connection with a motion for summary judgment—are unquestionably judicial documents.")

The parties note that some of the documents in question were produced pursuant to a protective order.  However, "bargained for confidentiality" is not a "higher value" that can overcome the presumption of access to judicial documents.  *Susquehanna Int'l Grp. Ltd.*, 2021 WL 3540221, at *3; *see Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.")  The fact that material was designated by the parties as confidential or was produced pursuant to a protective order has no bearing on the presumption of public access once the material becomes a judicial document.

Turning to the weight of the presumption, these documents are submitted in connection with a dispositive motion, and thus the weight accorded to the presumption of public access is especially strong.  *Olson*, 29 F.4th at 89-90.

Having established that the documents in question are judicial documents to which a strong presumption of public access attaches, the Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption.  The information that the Plaintiff seeks to seal pertains to "confidential, non-public business strategies and processes and/or trade secret information that would be harmful to the parties if they were made public."  However, the Plaintiff has not proffered any meaningful harm that would result from the public disclosure of the stale information they seek to file under seal.  Conclusory assertions that this information is sensitive and non-public is insufficient to overcome the strong presumption of

the public's right to access this information.  *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *7 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023).  Plaintiff does not explain why this information is sensitive or how harm will result.  Despite requesting the sealing of dozens of documents, including the wholesale sealing of expert reports prepared for this litigation, Plaintiff does not "offer explanations for their proposed sealing on a document-by-document basis." *Id*.  Therefore, the Court has no basis to make the "specific, on the record findings" that sealing is necessary or narrowly tailored to serve an interest in "higher values.  whether the proposed sealing or redactions are appropriate.  *See Lugosch*, 435 F.3d at 120.

Further, as Defendants note in their first request to seal, "this matter concerns a cybersecurity product that was sold to only four customers in Asia between 2016 and 2018, and has not been sold or marketed since 2018."  The older the information is, the less appropriate it is to seal that information, "particularly where the party does not explain with specificity why, despite the passage of time, the information should still be sealed." *In re Keurig*, 2023 WL 196134, at *7.  Despite this higher burden to justify sealing, Plaintiff has not made more than a conclusory showing.  Therefore, the sealing requests must be denied in their entirety.

Given the volume of documents involved, the Court will give the parties three weeks from the date of this opinion to re-file the documents they wish to seal with narrowly targeted redactions consistent with this opinion – applied only to those documents which Plaintiff can make a specific showing will result in competitive harm if made public.

**CONCLUSION**

The parties' motions to seal at ECF Nos. 119 and 129 are DENIED in their entirety without prejudice. **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 119, 129, and 144 but shall not unseal any documents at this time. The parties are advised that the undersigned is referred for general pretrial, and should address future requests to seal to the undersigned.**

By **April 25, 2024**, the parties shall publicly re-file their motions to seal and exhibits with limited redactions consistent with this opinion. The filings shall be clearly labeled on ECF as public filings of the summary judgment exhibits and should electronically reference the sealed version of the documents on ECF. If the parties do not publicly file the documents with narrowly tailored redactions in accordance with this opinion by **April 25, 2024**, the Court will direct that the documents be unsealed.

SO ORDERED.

Dated: April 4, 2024  
New York, New York

_____  
KATHARINE H. PARKER  
United States Magistrate Judge